UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| **IN RE BRITANNIA BULK HOLDINGS INC. SECURITIES LITIGATION** | : : : : : : : : | MASTER FILE 08-cv-09554 (DLC)  This Document Relates To: All Actions |

# LEAD PLAINTIFF'S [PROPOSED] FINDINGS OF FACT AND CONCLUSIONS OF LAW

## I. FINDINGS OF FACT

1. On February 19, 2009, the Court entered an Order appointing Edward Wahl as Lead Plaintiff, Barroway Topaz Kessler Meltzer & Check, LLP as Lead Counsel and Labaton Sucharow, LLP as Liaison Counsel for the Class, and consolidated the seven securities class actions into a single action for pretrial proceedings captioned, *In re Britannia Bulk Holdings, Inc. Securities Litigation*, No. 08 Civ. 9554 (DLC).

2. On February 19, 2009, the Court entered an Order directing Lead Plaintiff to file and serve a Consolidated Class Action Complaint ("Consolidated Complaint") on behalf of himself and all others similarly situated against Britannia Bulk Holdings, Inc. ("Britannia Bulk" or the "Company"), Individual Defendants Arvid Tage, ("Tage"), Fariyal Khanbabi ("Khanbabi"), Director Defendants John Sinders ("Sinders"), Jens Fehrn-Christensen ("Fehrn-Christensen"), Soren Halsted, ("Halsted"), Underwriter Defendants Goldman Sachs & Co. ("Goldman Sachs"), Banc of America Securities LLC ("Banc of America"), Dahlman Rose & Company ("Dahlman Rose"), and Oppenheimer & Co. Inc. ("Oppenheimer") on or before April 17, 2009.

3. Over the course of the next sixty (60) days, Lead Counsel in concert with their investigators conducted a detailed world-wide investigation into the alleged securities violations at Britannia Bulk. The investigation entailed many different prongs, including but not limited to the following: (a) identifying and contacting eleven potential former employees located in all parts of the country and abroad who they believed possessed information concerning securities violations at the Company; (b) investigating 23 lawsuits filed against Britannia Bulk in the United States District Court for the Southern District of New York and uncovering that two of these lawsuits involved an alleged breach of an FFA by Britannia Bulk, and then interviewing the parties involved in those two lawsuits and obtaining pertinent information that was used in

the Consolidated Complaint; (c) interviewing the Managing Director for Clarkson Securities, the broker that executed the Confirmation of Trade for the FFA between Britannia Bulk and Armada and obtaining relevant information concerning the executed trade between Armada and Britannia Bulk; (d) interviewing marketing representatives of the Baltic Exchange who provided assistance with the computation of the settlement amounts called for in the FFA between Britannia Bulk and Armada; (e) interviewing investment bankers, including representatives from Deutsche Bank as well as representatives of BDO Stoy Hayward LLP ("BDO"), the Court appointed Administrator for Britannia Bulk by the High Court of Justice for bankruptcy proceedings in the United Kingdom; (e) retaining and consulting with an outside accounting expert regarding Britannia Bulk's use of, and then accounting for, the FFAs; and (f) conducting an exhaustive news/media search and review of SEC and related filings, which included thousands of pages of documents.

4. After the above-detailed exhaustive investigation was complete, on May 1, 2009, Lead Plaintiff in good faith filed his Consolidated Complaint against Defendants Britannia Bulk, Tage, Khanbabi, Sinders, Fehrn-Christensen, Halsted, Goldman Sachs, Banc of America, Dahlman Rose, and Oppenheimer alleging violations of Sections 11, 12(a)(2) and 15 of the Securities Act of 1933 (the "Securities Act") 15 U.S.C. §§ 77k, 77l and 77o in connection with the Defendants' issuance of approximately 8.33 million shares of the Britannia Bulk's common stock on or about June 17, 2008. Lead Plaintiff carefully narrowed the scope of the broader allegations contained in the initial complaint, and focused on the strongest claims in the Consolidated Complaint, *i.e.* the claims concerning the FFAs. Lead Plaintiff's Consolidated Complaint did not allege any claims or assertions of fraud and was rooted exclusively in theories of innocent and/or negligent conduct to which the strict liability provisions of the foregoing statutes applied.

5. On June 11, 2009, defendant, Britannia Bulk entered Chapter 15 bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of New York. This event automatically stayed all pending litigation against Britannia Bulk, pursuant to 11 U.S.C. § 362.

6. On June 12, 2009 counsel for Defendants submitted to the Court their motions to dismiss the Consolidated Complaint.

7. On July 2, 2009, counsel for Lead Plaintiff submitted to the Court his omnibus memorandum of law in opposition to Defendants' motions to dismiss, setting forth Lead Plaintiff's good faith legal argument for sustaining the Complaint.

8. On October 19, 2009, the Court issued an Opinion and Order granting Defendants' motions to dismiss, except for the §15 claims against Individual Defendants, Tage and Khanbabi.

9. The Court issued a further Order on October 19, 2009, directing Lead Plaintiff to show cause by November 20, 2009, why his remaining §11 claim against Britannia Bulk and his §15 claims against Defendants Tage and Khanbabi should not be voluntarily dismissed.

10. After careful analysis and consideration of the Court's Opinion and Order, Lead Counsel contacted counsel for Defendants to discuss the prospect of voluntarily dismissing the remaining claims. As a result of those discussions, it was agreed among the parties that the additional claims would be voluntarily dismissed and that each side would bear their own costs as the claims and defenses were all brought in good faith pursuant to Rule 11(b) of the Federal Rules of Civil Procedure.

11. On November 20, 2009, Lead Plaintiff filed his Notice of Voluntary Dismissal of the remaining claims pursuant to Fed. R. Civ. P. 41(a)(1).

12. Following the filing of the Notice of Dismissal, on November 23, 2009, this Court issued an Order directing Lead Plaintiff to file Proposed Findings of Fact and Conclusions of Law pursuant to 15 U.S.C. § 77z-1(c)(1) with the Court by December 11, 2009. In preparing these proposed findings, Lead Counsel consulted with Defendants' counsel, who have stated that they do not seek sanctions and do not challenge the Lead Plaintiff's good faith.

## II. CONCLUSIONS OF LAW

1. Based upon the record before the Court in this action, including the above [proposed] findings of fact, it is concluded that pursuant to Section (c)(1) of the PSLRA, 15 U.S.C. §77z-1 that during the course of the action, all the parties and their respective counsel at all times acted reasonably and in compliance with the requirements of Federal Rule of Civil Procedure 11. *See W.K. Webster & Co. v. Am. President Lines, Ltd.,* 32 F.3d 665 (2d Cir. 1994).

Dated: December 11, 2009　　　　　　　　　Respectfully submitted,


　　　　　　　　　　　　　　　　　　　　/s/ Karen E. Reilly
　　　　　　　　　　　　　　　　　　　　**BARROWAY TOPAZ KESSLER**
　　　　　　　　　　　　　　　　　　　　**MELTZER & CHECK, LLP**
　　　　　　　　　　　　　　　　　　　　Karen E. Reilly, (KR9551)
　　　　　　　　　　　　　　　　　　　　kreilly@btkmc.com
　　　　　　　　　　　　　　　　　　　　Michael K. Yarnoff
　　　　　　　　　　　　　　　　　　　　myarnoff@btkmc.com
　　　　　　　　　　　　　　　　　　　　280 King of Prussia Rd.
　　　　　　　　　　　　　　　　　　　　Radnor, PA 19087
　　　　　　　　　　　　　　　　　　　　Tel: (610) 667-7706
　　　　　　　　　　　　　　　　　　　　Facsimile: (610) 667-7056

　　　　　　　　　　　　　　　　　　　　*Lead Counsel for Lead Plaintiff and the Class*

**LABATON SUCHAROW, LLP**
Alan I. Ellman (AE 7347)
aellman@labaton.com
140 Broadway
New York, NY 10005
(212) 907-0700
(212) 818-0477 – Fax

*Liaison/Local Counsel for Lead Plaintiff and the Class*